Good morning. May it please the Court. I'm Todd Gregorian of Pendleton West, LLP, representing plaintiff appellant Darnell McGarry. If I may, I'd like to address the matter of our supplemental submission first. Last week, we submitted a Washington Supreme Court order denying review of a new personal restraint petition filed by Mr. McGarry in state court. Through that petition, Mr. McGarry had attempted to exhaust the remaining unexhausted claims from his federal petition. I just want to make clear that we are not asking the Court to take action or make a finding that McGarry's claims are now all exhausted, or to take any other action based on the submission. We have submitted that only to apprise the Court of the change in posture of his state proceeding. Okay, thank you. This case presents a variation on a common problem with habeas corpus arising from the interplay of the total exhaustion rule of Rose v. Lundy and the one-year statute of limitations. Namely, a petitioner bringing unexhausted claims into federal court runs the risk, because the statutory period is not told during the pendency of a federal proceeding, he runs the risk of receiving a decision on exhaustion that goes against them but after the statute has expired, thereby cutting off any further federal relief. Okay, well the dismissal was without prejudice, correct? That's correct. So once he had some claims ruled upon, which I think you've indicated is now the case in your briefs, couldn't he file a new habeas petition and at that point have exhausted claims and unexhausted claims and ask the court to do the stay and abatement procedure? But don't we have to look at this case from the standpoint of what the record was at the time the district court acted? First, Your Honor, we must concede that at the time of the district court's decision, that route was procedurally available to him. Though I'd raise that now, due to the passage of time, Mr. McGarry faces a substantial obstacle to refiling in that his claims in a renewed petition depend on a tolling argument that hasn't previously been adjudicated. So he'd have to file a second or successive application and we'd have to look at the merits of whether or not equitable tolling would permit him to proceed on an SOS, right? That's correct, because his limitation period began in 2006. It was likely tolled between August of 2006 and June 4, 2008. Okay, but that issue is not before us. That's his remedy if he has one. As I understand the procedural posture of this appeal, the only issue that's before us is whether or not a certificate of appealability was required in order to permit him to go forward. Isn't that correct? That's correct, Your Honor, and I'm sorry. I've proceeded to argue some uncertified issues. That's okay. That's all right. I just want to make sure I'm focused on the issue that we need to decide. So we have conceded the issue of the certificate of appealability. But you want to expand it, as it were, COA. You want a new COA. That was our request. And just to explain, a COA is necessary when the petition seeks to challenge the outcome of the state court process. Mr. McGarry's underlying commitment is the state court process requires the full trial by jury in the usual circumstances, at the very least a court order. I thought he's – I'm having a hard time keeping all the facts straight since we have so many of these cases this morning. But I thought he stipulated to a civil commitment. He stipulated – it was a stipend order. That's correct. So I'm not sure I understand the issue with regard to whether or not he's now entitled to a jury determination. No, I'm sorry. I mean, in the usual case, the civil commitment process in Washington involves a trial by jury. I understand all that. But I didn't even focus on that when I read he stipulated to the commitment. I'm sorry. This is all just to say that we have conceded this point, which is that whether by trial by jury or by stipulation and then followed by factual findings and an order by the judge, regardless, the underlying commitment is the state court process. So your issue is if he wants to challenge it, if he's had buyer's remorse or if he now thinks that he shouldn't have stipulated, the relief that he is seeking is going directly to the basis for his continued incarceration, and that has to be brought through a habeas proceeding. It has to be brought through a habeas proceeding, and on appeal, we need a certificate of appeal. Of appealability. Now, the issue on which you're seeking, I'll call it an expanded COA, although that may be a misnomer given that you don't have one in the first place. You're really trying to expand the stay in abeyance process. The ordinary rule is that if you've got one or more exhausted claims and some unexhausted claims, the district court in its discretion can do a stay in abeyance so as not to force a refiling and then lose on statute of limitations ground. What basis do you have to argue that we should expand that to this case where as you come into the district court, at that time, you have no exhausted claims? Yes, Your Honor. Our position is not that the court should find error with the district court decision, but only that it should grant a form of extraordinary relief based on the intervening circumstance of him having exhausted some of his claims in the intervening time. Because he has exhausted now. Because he has exhausted two of his claims now. How would we do that in the context of this action? How do we have the power to do that? I believe it's within the power of the court to grant such extraordinary relief, but I do not have any authority to do that. Is there sort of an all writs act kind of a theory? Somebody must have the power somewhere? Is that what you're urging on us? Again, I don't have any direct authority for that request. If the district court didn't have jurisdiction when he dismissed the petition because of lack of exhaustion, then the district court couldn't really stay anything because they had no power to keep the case. And then when that's the order we're reviewing, I'm having trouble conceptually seeing how we could recharacterize it as a stay in abeyance case when there was no exhausted claim at the time for the district court.  It's my impression, Your Honor, that the exhaustion requirement in habeas is not a jurisdictional requirement and that there are many circumstances under which the court is free to look past lack of exhaustion and reach the merits. One example is when the claims presented are clearly meritless. It's specified in the statute that the court can reach the merits. That is to say, when you say non-jurisdictional, the defect is waivable under certain circumstances. Yes, Your Honor. Could you explain to me again, please, why is it your client, once the state had acted, giving him an exhausted claim, why would he need tolling to present his claim then? At the time of the district court decision, and indeed up until the time of one year past the Washington Supreme Court decision in July 2006, he would have not needed to avail himself of tolling. My client has chosen to pursue this appeal understanding the risks of the statute of limitations, the continuing risk to his claims. All I can say, I can't reveal the contents of my communications with him, but he is aware of these and for personal reasons of his own, feels very strongly about pursuing the arguments in this appeal. If I may reserve the remainder of my time. Why don't we hear from the other side and then you'll get a chance to respond. Good morning and may it please the Court. My name is Paul Weiser. I'm an Assistant Attorney General appearing on behalf of Respondent Richards in this proceeding. Mr. McGarry has essentially conceded that a certificate of appealability is required for this appeal, so I think that that takes care of the one issue that the Court did request briefing on. Today's argument is the threshold issue of whether he should receive a broader certificate to include the Rines v. Weber stay in abeyance issue. And a second issue, and I don't think we touched upon it in counsel's argument, whether he is exempt, Mr. McGarry is exempt from the exhaustion requirement altogether because of a supposed futility of pursuing exhaustion in state court or that the Washington Supreme Court had decided a closely related case in the in-rate detention of Stout case. We didn't touch on that, but that was the basis for the request for a broader certificate. Neither of those positions was argued in the district court, and neither of those issues, for that matter, make a showing of a constitutional violation as is required for a certificate of appealability under Section 2253 because exhaustion is a statutory rather than constitutional issue. But above and beyond that, the district court wasn't called upon to stay and obey Mr. McGarry's petition back in 2005, and its decision was plainly the correct one at the time in 2005. Mr. McGarry's remedy at that time and still is his remedy is to pursue a new petition containing only exhausted claims rather than litigating this case on two tracks, appealing the dismissal of his habeas petition and at the same time actively pursuing remedies in state court. But when could he first have refiled a new petition in the district court and ask the court to stay and obey, to say I've got one exhausted claim, stay the rest? When could he have done that? Your Honor, I think he could have argued that as soon as it was disposed of by the state courts, and I know that shortly after the district court's dismissal, I believe it was that the Washington Court of Appeals decided Mr. McGarry's direct appeal. And then sometime in 2006, I believe it was April 4th of 2006, the Washington Supreme Court denied discretionary review on the direct appeal. So then does he need tolling to file now if he files a new suit because it's been more than one year since the Supreme Court acted? Your Honor, I have sketched out sort of a timeline in Mr. McGarry's case. As I understand it, the Washington Supreme Court denied review, as I said, in April of 2006. He filed, Mr. McGarry filed that fall, I believe it was in August of 2006, he filed a state habeas corpus petition with the Pierce County Superior Court, which was transferred to the Washington Court of Appeals, and then later review was sought in the Washington Supreme Court. That case was not resolved completely until June of last year. And I believe, under the tolling provisions of 2244D, that first of all, that Mr. McGarry's commitment didn't become final until 90 days after the Washington Supreme Court denied review. So in other words, sometime in, that would have been July of 06, approximately a month and a half later, he's filing a state habeas petition. It was deemed timely and properly filed, and it was dealt with on the merits by the state courts. There's no suggestion that it was either untimely or not properly filed. So I believe that he was entitled to tolling all the way through June of last year. Now we are getting close. I think we're within a few months of whatever the one-year deadline would be on Mr. McGarry's petition. Obviously, any sense of urgency that might be involved in Mr. McGarry's case is a situation that I don't believe the party chair equal blame for. It was Mr. McGarry's decision to pursue the course that he did. But he would need tolling if he were to file, or he would need equitable tolling if he were to file sometime after the one-year deadline. Again, I don't have the definite date when that would be. But at this point, I believe he's still free to file a petition, and it would be deemed timely. Now, do you have a view on the question as to whether any petition that he might file subsequently, assuming that we affirm what's already happened, do you have a view on whether any petition that he might file would be a second or successive within the meaning of 2254? I have a position on that, Your Honor, in that he would not need permission of this court. The petition was dismissed without prejudice and common understanding is that that doesn't count. If this one turns out to be, as it may well turn out to be, a non-starter, he doesn't have to go over the SOS, second or successive hurdle. It's just a new petition in that sense. That's correct, Your Honor. That's my understanding. So as long as it's timely, it's just an initial petition which could then be filed. That's correct. Okay. Staying abeyance is supposed to be a rare event subject to a district court's discretion, and there's obviously no abuse of discretion here by the district court, mainly because it was never asked for this remedy. And staying a Section 2254 petition effectively excuses a petitioner's failure to exhaust his claims prior to filing. And as the Supreme Court has noted in Rines v. Weber, it frustrates the AEDPA objective of encouraging finality by allowing the petitioner first to pursue his remedies in state court. And it would effectively reduce the incentive to exhaust prior to filing the petition. Staying abeyance in Mr. McGarry's case would truly be extraordinary relief. It's extraordinary in any case when a district court grants it upon request, but it would be truly extraordinary if this court- Well, it might be even more than that, isn't it? Wouldn't it be totally unprecedented, not just in the Ninth Circuit, but in any of the federal circuits? I believe so, Your Honor. I have not done an exhaustive search on whether it's ever happened, but I'm not aware of it ever happening. So Mr. McGarry isn't entitled to a do-over just because he now regrets the litigation course that he followed after 2005, after the district court dismissed his petition. Exhaustion is to be determined at the time of the filing of the petition, not when the case is on appeal. And I'm pleased that counsel was not suggesting that this court should determine whether, in fact, Mr. McGarry now has exhausted his state remedies because I don't believe that we have the complete record. But nevertheless, the complete record would have been a record that the district court never had a chance to see because the record would be based solely on subsequent events after the dismissal. So he may be entitled to tolling for the period when his state habeas petition was pending? Yes, Your Honor. And as I stated, that was, I believe, through June of last year is when that habeas petition, which later was converted to a personal restraint petition, was pending. So the only time that would run on the clock against him would be the time from when he got the ruling he didn't like initially until he filed the, well, the time when the state Supreme Court ruled up until the point when he filed his state habeas petition. That's correct, Your Honor. I believe that that was a period of about six or seven weeks between those two events, between the date of finality, 90 days after the Washington Supreme Court denied review, and the date that Mr. McGarry filed his habeas petition with the Superior Court. Okay. So as we can see, we are, the clock is ticking on him, and he is getting close, but I don't believe that he's gone beyond the one-year time limit. The district court did exactly the right thing in this case. It advised Mr. McGarry that his petition appeared to be unexhausted or contain unexhausted claims, asked him to explain that, whether he had exhausted state remedies or was entitled to some exception. Mr. McGarry was unable to do that, and the district court dismissed without prejudice. I believe district courts should be encouraged to take that type of action and shouldn't be put in a position where they are second-guessed for what it is that they did. So we ask that this court affirm the district court's decision and deny the request for a broader certificate of appealability. If the court has any questions, I stand open for questioning. Thank you very much, and your timing is perfect. Thank you. I just have three quick points. First, a point of correction about the record. Council argued that neither position advanced in the uncertain time issues portion of the briefs was raised in the district court. The argument regarding Ryan's was, of course, not raised because the position was not mixed at the time. But Mr. McGarry did attempt to raise an argument that he was excused from tolling due to exceptional circumstances. That appears in the record at ER 119 to 120. Secondly, council made a comment about the grant of a stay, in this case defeating the policies identified in Ryan's. Ryan's itself noted that where a petitioner meets the standard for a grant of a stay, namely meets the three factors that it lays out for a grant of a stay, the petitioner's interest in obtaining review of his claims outweighs the competing interests in finality and speedy resolution of federal habeas petitions. Council, I want to give you a chance to state your best case on this, but I'm really having trouble understanding why we should make up a new doctrine that no court has ever reached on the stay and abeyance. Rather than Mr. McGarry just filing his petition in time. Your Honor, I think the only reason I can give you is that this continues to be a problem in habeas for petitioners who don't fit the current outlines of Ryan's, namely that they come into federal court too soon because they don't understand the procedures. They lose potentially meritorious claims. Now, you obviously know it's always dangerous to take legal advice from your adversary, but you might have just gotten some. That is to say, from the sounds of it, he has an opportunity now to file a timely claim. Now, I can't independently verify that, but if that's true, maybe he better get on the stick. That's correct by our calculation as well, that he still has somewhere around six weeks to file a renewed petition. And for that reason, we request that if you're reclining to rule against us, that we respectfully request that it be done speedily. You can respectfully request it, but the fact is we can't always say whether we're going to get something out fast or slowly. So I guess I would respectfully say you better not count on when we're getting our opinion out, even though you might see it tomorrow. And I see no particular reason you need to wait for it. Yeah, that was my reaction too. What are you waiting for? It's an issue between you and your client. Exactly. We'll leave it where it lies. Okay. Thank you. Thank you. And I will say this again at greater length because we're going to see Mr. Gregorian in a later appeal, but we wish to thank pro bono counsel who participated in this session. Thank both of you for your useful and careful arguments. McGarry v. Richard is now submitted for decision.
judges: W. Fletcher, Gould, Tallman